IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPI
SOUTHERN DIVISION

SOUTHERN DISTRICT OF MISSISSIPPI
F I L E D
JAN 0 9 2009
J. T. NOBLIN, CLERK
BY_____DEPUTY

WESLEY BURKHARDT, JR. AND
MATTHEW G. LYONS                                    PLAINTIFFS

v.                                    CIVIL ACTION NO.: 1:09cv40HSO-JMR

HARTFORD FIRE INSURANCE CO                          DEFENDANT

## NOTICE OF REMOVAL

Defendant, Hartford Fire Insurance Company ("Hartford"), through undersigned counsel and pursuant to 28 U.S.C. §§ 1441 and 1446, files this Notice of Removal of the captioned action *Wesley Burkhardt, Jr. and Matthew G. Lyons v. Hartford Fire Insurance Company*; Cause No. 2008-00,451(1) on the docket of the Circuit Court of Jackson County, Mississippi. In support of its Notice of Removal, Hartford would respectfully show:

Wesley Burkhardt, Jr. and Matthew G. Lyons ("Plaintiffs") commenced the captioned action by filing a Complaint (the "Complaint") in the Circuit Court for Jackson County, Mississippi, which was served on the Mississippi Commissioner of Insurance on December 12, 2008, and was received by Hartford on December 17, 2008.

In the Complaint, Plaintiffs aver that they are resident citizens of Mississippi (Complaint, ¶ 1). Hartford is organized under the laws of Connecticut and maintains its principal place of business in Connecticut.

The Complaint alleges that Hartford issued a policy of insurance to Plaintiffs covering certain property owned by Plaintiffs in Jackson County, Mississippi and resulting business income loss (Complaint, ¶¶ 4-5). The Complaint alleges that Hurricane Katrina damaged Plaintiffs' property and caused business income loss (Complaint, ¶¶8-11). The Complaint alleges that the damages are covered by the Hartford policy (Complaint, ¶ 17). The Complaint

alleges that Hartford is liable for breach of contract, negligence, gross negligence, failure to fully and timely inspect and pay losses, waiver, estoppel, tortiuous, bad faith, and continuing breach of contract, fraud, and fraudulent inducement (Complaint, ¶¶ 17-39).

Plaintiffs allege that Hartford "owes the Plaintiffs damages under the terms of the contract of insurance and Mississippi law for policy limits...." (Complaint, ¶ 20). The policy provides a $318,800 coverage limit for the building at actual cash value.[1] The policy also provides up to 12 months of actual loss sustained business income coverage.[2] Plaintiffs also allege they are entitled to recover other foreseeable incidental and consequential damages (Complaint, ¶ 40); punitive and exemplary damages (Complaint, ¶¶ 42-43); and attorneys' fees (Complaint, ¶ 41).

This Notice of Removal is filed within 30 days of service and receipt of the Complaint and is therefore timely under 28 U.S.C. section 1446(b).

Hartford does not admit the underlying facts as alleged by Plaintiffs or as summarized herein. Further, Hartford expressly denies that it has any liability to Plaintiffs.

### **DIVERSITY JURISDICTION**

This Court has original jurisdiction pursuant to 28 U.S.C. § 1332, and this matter is therefore removable to this Court pursuant to 28 U.S.C. § 1441(a) because there is complete diversity of citizenship between Plaintiffs and Hartford. Hartford is organized under the laws of Connecticut and maintains its principal place of business in Connecticut. Plaintiffs are resident citizens of Mississippi (Complaint, ¶ 1).

---

[1] See Page 2 of the Declarations Page in the Policy attached as Exhibit A to Plaintiffs' Complaint. The Policy attached to the Complaint is a renewal of the Policy that was in effect at the time of Hurricane Katrina and thus reflects a higher building limit of $354,000. At the time of Hurricane Katrina, the building limit was only $318,800.

[2] See Page 2 of the Declarations Page in the Policy attached as Exhibit A to Plaintiffs' Complaint.

The amount in controversy plainly exceeds $75,000. Plaintiffs allege they are entitled to "policy limits" (Complaint, ¶ 20). The policy provides a $318,800 coverage limit for the building at actual cash value.[3] Thus, the amount allegedly owed for building damage alone greatly exceeds the jurisdictional minimum. Additionally, Plaintiffs allege they are entitled to recover business income losses. The policy provides up to 12 months of actual loss sustained business income coverage.[4] Should the Court even deem it necessary to look beyond these alleged damages, Plaintiffs also seek incidental and consequential damages (Complaint, ¶ 40); punitive and exemplary damages (Complaint, ¶¶ 42-43); and attorneys' fees (Complaint, ¶ 41). Attorneys' fees and punitive damages are included as part of the amount in controversy. *See H&D Tire & Automotive-Hardware, Inc. v. Pitney Bowes Inc.*, 227 F.3d 326, 330 (5th Cir. 2000); *see also St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998). By alleging policy limits are owed, along with incidental and consequential damages, punitive and exemplary damages, and attorneys' fees, the minimum jurisdictional limit is plainly met.

Furthermore, absent a statute limiting recovery, "[l]itigants who want to prevent removal must file a binding stipulation or affidavit with their complaints" stating that the damages are not more than the minimum jurisdictional amount. *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir.1995) (quoting *In re Shell Oil Co.*, 970 F.2d 355, 356 (7th Cir.1992)). "The general principle is that plaintiffs will have to show that they are bound irrevocably by their state pleadings." *Id.* at 1412 n.10. No binding stipulation or affidavit was filed with Plaintiffs' Complaint.

---

[3] See Page 2 of the Declarations Page in the Policy attached as Exhibit A to Plaintiffs' Complaint. Again, the Policy attached to the Complaint is a renewal of the Policy that was in effect at the time of Hurricane Katrina and thus reflects a higher building limit of $354,000. At the time of Hurricane Katrina, the building limit was only $318,800.

[4] See Page 2 of the Declarations Page in the Policy attached as Exhibit A to Plaintiffs' Complaint.

## REMOVAL PROCEDURE

A copy of this Notice of Removal is being served upon Plaintiffs. Pursuant to 28 U.S.C. § 1446(d), Hartford is filing a copy of this Notice of Removal with the clerk of the state court in which the action has been pending, and is providing notice thereof to all parties and all counsel of record. Attached as Exhibit "A" is a Certificate of Circuit Court Clerk, which has attached to it copies of all papers filed in the state court action.

WHEREFORE, Hartford Fire Insurance Company hereby provides notice that this action is duly removed.

Respectfully submitted,

HARTFORD FIRE INSURANCE COMPANY

BY: _____
L. Clark Hicks, MSB# 8963
L. Grant Bennett, MSB# 100556
**Attorneys for Defendant,**
**Hartford Fire Insurance Company**

GUNN, HICKS & BENNETT PLLC
L. Clark Hicks, MSB# 8963
L. Grant Bennett, MSB# 100556
211 South 29th Avenue, Suite 201
Hattiesburg, MS 39401
Post Office Box 18350
Hattiesburg, MS 39404
Telephone:    (601) 544-6770
Facsimile:    (601) 544-6775

And

OF COUNSEL:
Martin R. Sadler, TXB# 00788842
MARTIN, DISIERE, JEFFERSON &
WISDOM, L.L.P.
808 Travis Street, Suite 1800
Houston, Texas 77002

4

Telephone:   (713) 632-1700
Facsimile:   (713) 222-0101

5

## CERTIFICATE OF SERVICE

I hereby certify that on this 9th day of January 2009, a copy of the foregoing has been served upon all counsel of record in this action by depositing same in the United States Mail, first class postage prepaid, properly addressed to:

Matt G. Lyons, Esq.
910 Washington Ave.
Ocean Springs, Mississippi 39564

*L. Grant Bennett*
L. Grant Bennett